UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SEANDERYL CRAWFORD, #560561,

        Plaintiff,

v.                                     CASE NO. 2:13-CV-10466
                                     HONORABLE ARTHUR J. TARNOW

PEOPLE OF THE STATE OF
MICHIGAN, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.    Introduction**

      Michigan prisoner Seanderyl Crawford has filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983 and several other provisions entitled "Complaint on a Claim for a Debt and to Set Aside a Fraudulent Conveyance under Rule 60(b)," along with an affidavit in support and a motion for expansion of the record. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this civil action. *See* 28 U.S.C. § 1915(a).

      In his pleadings, Plaintiff challenges his state criminal proceedings and current confinement, alleging fraud, misrepresentation, void contract, and similar claims. Plaintiff was convicted of three counts of armed robbery, MICH. COMP. LAWS § 750.529, first-degree home invasion, MICH. COMP. LAWS § 750.110a, felonious assault, MICH. COMP. LAWS § 750.82, impersonating a police officer to commit a crime, MICH. COMP. LAWS § 750.215, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a bench trial in the Wayne County Circuit Court. He was sentenced to concurrent terms of 14 to

30 years imprisonment on each armed robbery conviction, a concurrent term of 10 to 20 years imprisonment on the home invasion conviction, concurrent term of two to four years imprisonment on the assault and impersonation convictions, and a consecutive term of two years imprisonment on the felony firearm conviction in 2006. Plaintiff names several defendants in this action, including the People of the State of Michigan, the Michigan Attorney General, the Detroit Police Department, and the Wayne County Prosecutor. He seeks release from custody, as well as monetary damages.

## II.     Legal Standards

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as

Crawford v. People<br>Case No. 2:13-CV-10466

well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

**III.   Discussion**

Although Plaintiff uses contract language and cites Admiralty and Maritime Law, Federal Rule of Criminal Procedure 9(h), Article I, Section 10 of the United States Constitution, and several provisions of Michigan law in his pleadings, it is clear that he is contesting his state criminal proceedings. Such claims are subject to summary dismissal because Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983

Crawford v. People<br>Case No. 2:13-CV-10466

is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Plaintiff were to prevail on his claims concerning the validity of his criminal proceedings, his convictions and continued confinement would be called into question. Consequently, such claims are barred by *Heck* and must be dismissed.

To the extent that Plaintiff seeks to contest his state criminal proceedings, his current convictions, and his continued confinement, his appropriate remedy is to seek habeas relief

Crawford v. People<br>
Case No. 2:13-CV-10466

pursuant to 28 U.S.C. § 2254.  *See Preiser*, 411 U.S. at 500 (holding that habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of confinement); *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002).  In fact, Plaintiff has already filed a federal habeas petition challenging his state criminal convictions, which is currently pending before another judge in this district.  *See Crawford v. Curtin*, No. 08-CV-14569 (Battani, J.).  His current complaint must therefore be dismissed.

### IV.   Conclusion

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's civil rights complaint.  The Court makes no determination as to the merits of Case No. 08-CV-14569.  Additionally, given this determination, the Court **DENIES** Plaintiff's motion for expansion of the record.  Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

S/Arthur J. Tarnow  
Arthur J. Tarnow  
Senior United States District Judge

Dated: March 22, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 22, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles  
Judicial Assistant